UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROLAND MINER III,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MINNEHAHA COUNTY JAIL, in its individual and official capacity; and KURT SCHAUNAMAN, Correctional Officer; in his individual and official capacity;<br><br>　　　　　Defendants. | 4:18-CV-04012-KES<br><br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DIRECTING SERVICE |

**INTRODUCTION**

Plaintiff, Ronald Miner III, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. Miner filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. Docket 1; Docket 2. The court has now screened Miner's complaint under 28 U.S.C. § 1915A. For the following reasons, the court grants Miner's motion to proceed in forma pauper and dismisses his complaint in part and directs service in part.

**FACTUAL BACKGROUND**

Miner's complaint generally concerns alleged violations of his right to be free from cruel and unusual punishment. Docket 1. While incarcerated in the Minnehaha County Jail, Miner alleges that he encountered problems with

defendant Kurt Schaunaman. *Id.* at 4. He alleges that Schaunaman ordered correctional officers to physically and emotionally harm him. *Id.* at 5. Multiple officers allegedly told Miner to kill himself. *Id.* at 4. Schaunaman allegedly showed officers how to assault Miner and get away with it. *Id.* at 5. Miner alleges that while in restraints he was assaulted by officers jumping on his arms. He also alleges that he was repeatedly assaulted in the shower and denied clean clothing. After months without clean clothing, Miner developed a staph infection. *Id.* at 4-5.

Miner claims he was not able to file a grievance, because he was denied access to the kiosk machine used to file grievances. *Id.* at 8. He also tried to make his complaints to other officers with no success. *Id.*

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 1915A(b).

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

3

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Miner has reported average monthly deposits to his prisoner trust account of $0 and an average monthly balance of *negative* $493.55. Docket 6. Based on this information, the court grants Miner leave to proceed in forma pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Miner must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The clerk of the court will send a copy of this order to the appropriate financial official at Miner's institution. Miner remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler,* 110 F.3d 528, 529–30 (8th Cir. 1997).

## II. Screening Under § 1915A

### A. State-law Claims

Miner identifies several sections of the South Dakota State Constitution and South Dakota statutes. *See* Docket 1 at 3. Miner fails to allege a basis for this court's jurisdiction to hear his state-law claims. And Miner fails to articulate claims under these cited provisions. Thus, to the extent that Miner attempted to make state-law claims, his claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### B. Minnehaha County Jail

Under South Dakota law, jails are established by the board of county commissioners and operated at county expense. SDCL § 24-11-2. "[C]ounty jails are not legal entities amenable to suit." *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Miner does not argue otherwise. And Miner fails to make any allegations against the Minnehaha County Jail. Thus, Minnehaha County Jail is dismissed without prejudice as a defendant under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### C. Kurt Schaunaman

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, Miner claims that Kurt Schaunaman violated

5

the Eighth Amendment's prohibition on cruel and unusual punishment. Docket 1 at 3. To remedy these alleged constitutional violations, Miner requests the court grant him relief in the amount of $2.7 million. Docket 1 at 5.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison official must provide humane conditions of confinement, including protecting inmates from violence. *See Jensen v. Clarke*, 94 F.3d 1191, 1197 (8th Cir. 1996). Inflictions of pain without penological justification "constitute cruel and unusual punishment forbidden by the Eighth Amendment." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.' " *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

A violation of the Eighth Amendment based on a failure to protect has two parts. First, the conditions that result from the failure to protect the inmate must pose a substantial risk of serious harm to the inmates. *Farmer*, 511 U.S. at 834. "This objective requirement ensures that the deprivation is sufficiently serious to amount to a deprivation of constitutional dimension." *Jensen*, 94 F.3d at 1197. Second, the subject prison official must have exhibited a sufficiently culpable state of mind, that is, the prison official must

6

have been deliberately indifferent to a substantial risk of serious harm to the inmate. *See Farmer*, 511 U.S. at 834. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Miner asserts that he was subject to multiple assaults. Miner further asserts Schaunaman ordered correctional officers to threaten and assault him, which would demonstrate that Schaunaman knew of and disregarded the risk to Miner. Thus, his Eighth Amendment claim is sufficiently pleaded to survive review under § 1915.

Thus, it is ORDERED

1. Miner's motion for leave to proceed in forma pauperis (Docket 2) is granted.
2. Miner's institution will collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.
3. The clerk of the court is directed to send a copy of this order to the appropriate official at Miner's institution.

4. Miner fails to state a claim upon which relief may be granted against Minnehaha County Jail and it is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. Miner fails to make a state-law claim upon which relief may be granted and it is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6. Miner's remaining Eighth Amendment claim against Schaunaman survives screening under 28 U.S.C. § 1915A.

7. The clerk shall send a black summons form to Miner so he may cause the summons and complaint to be served upon Schaunaman.

8. The United States Marshal shall serve a copy of the complaint (Docket 1), summons, and this order upon the defendant as directed by Miner. All costs of service shall be advanced by the United States.

9. Defendant will serve and file an answer or responsive pleading to the remaining claim in the complaint on or before 21 days following the date of service.

10. Miner will serve upon Schaunaman, or, if appearance has been entered by counsel, upon his counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and

correct copy of any document was mailed to Schaunaman or his counsel.

11. Miner will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED April 10, 2018.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE